UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-21088-CIV-MORENO**

LUIS M. VEGA,

    Plaintiff,

vs.

HOPE CENTER, INC.,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

THIS CAUSE came before the Court upon Plaintiff's Motion to Remand **(D.E. No. 2)**, filed on **April 22, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **GRANTED**.

**I. BACKGROUND**

Defendant removed this case to federal court on April 21, 2008. Defendant argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the Plaintiff opted in to a case presently pending before the undersigned, Taramona v. Hope Center, Inc., 08-20207-CIV-MORENO. However, Defendant acknowledges that the Complaint in this case seeks recovery pursuant to the Florida Whistleblower Statute, Fla. Stat. § 448.102, and that Plaintiff is before Judge Moreno in the other case seeking recovery under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Plaintiff has

only opted in to the FLSA claim in Taramona.

## II.  STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941).  Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.  ANALYSIS

The two cases before this Court in which Plaintiff is involved are distinct, and there is no independent federal claim being asserted in the Florida Whistleblower case that is the subject of this removal action.  Specifically, Plaintiff did not assert any federal overtime claim in this case. Moreover, Defendant did not establish the requisite amount in controversy or diversity of citizenship in order for the Court to exercise diversity jurisdiction.  Thus, Defendant has not met its burden under the strictly construed standard for removal, and there is no basis for jurisdiction in this case under 28 U.S.C. § 1441.  Accordingly, it is

**ADJUDGED** that the Motion to Remand is **GRANTED** and the case shall be remanded to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the

above-styled action. Further, it is

    **ORDERED** that:

    1.    This case is **CLOSED**; and

    2.    Plaintiff's request for costs and fees is **DENIED**.

    DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of April, 2008.

                                                    _____
                                                    FEDERICO A. MORENO
                                                    UNITED STATES DISTRICT JUDGE

Copies provided to:

Clerk of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida

Counsel of Record